# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BLOOM GOLF PARTNERS LLC,

      Plaintiff,

    v.

RACHEL RIDGEWAY,

      Defendant.

No. 4:25-CV-02470

(Chief Judge Brann)

## MEMORANDUM OPINION AND ORDER

### JANUARY 5, 2026

On December 19, 2025, Plaintiff Bloom Golf Partners LLC ("Bloom") filed a six-count complaint against Defendant Rachel Ridgeway ("Ms. Ridgeway").[1] Three days later, Bloom filed a motion for expedited recovery discovery requesting a narrow order requiring a response to an interrogatory and potentially the inspection of digital evidence.[2] Ms. Ridgeway filed a brief in opposition to the motion on January 5, 2026.[3] The motion is now ripe for disposition; for the reasons that follow, it is granted.

## I. FACTUAL BACKGROUND

Bloom is a consulting firm that helps golf "clubs and organizations identify, attract, and retain top talent."[4] In April 2025, Bloom hired Ms. Ridgeway as a search

---

[1] Doc. 1 (Compl.).

[2] Doc. 4.

[3] Doc. 9. The Court is aware that this brief was filed today and has examined it thoroughly. However, throughout the brief are citation errors that make it impossible to locate cases cited to. There are also incorrect restatements of case holdings that render it difficult to evaluate the veracity of the claims asserted by the Defendant. As a result, the Court is unable to give the brief any weight in its consideration of the issues presented.

[4] Doc. 1 ¶ 7.

executive and HR consultant.[5] In this role, she helped Bloom's clients "find and maintain candidates for key leadership roles, including club managers and golf course superintendents."[6] As an employee, "she was given access to a company laptop, a company email account, and access to internet-based shared files/folders, which contained confidential and proprietary company data."[7]

Shortly after she came on at the company, Ms. Ridgeway and Bloom began to discuss "expanding the company's services into professional development and coaching services."[8] As a result of these conversations, Bloom "facilitated Ridgeway developing materials and concepts for professional development and coaching services to be supplied by Bloom Golf Partners."[9] She spent time and company resources to develop proposals for this expansion.[10] However, in September 2025, Ms. Ridgeway began to "discourage[]" Bloom from providing the additional services.[11] Relying on that advice, Bloom tabled the plans.[12]

Around the same time that Ms. Ridgeway began to discourage Bloom from entering the professional development and coaching services space, she "separately formed her own, competing business, known as Ridgeway Coaching & Consulting."[13]

---

[5]  *Id.* ¶ 9.
[6]  *Id.*
[7]  *Id.* ¶ 11.
[8]  *Id.* ¶ 14.
[9]  *Id.* ¶ 15.
[10]  *Id.* ¶ 16.
[11]  *Id.* ¶ 17.
[12]  *Id.*
[13]  *Id.* ¶ 18.

She created this sole proprietorship without informing Bloom, and while still employed by them.[14] Bloom believes that she was utilizing their confidential and proprietary information to further her new competing business.[15]

In late September 2025, Bloom learned of Ms. Ridgeway's new company.[16] She was confronted on September 29, 2025, but denied using the company's resources to compete with Bloom.[17] She was terminated as a Bloom employee on October 6, 2025.[18]

Immediately following her termination, Ms. Ridgeway accessed Bloom's "shared files on an internet-based cloud services and … deleted hundreds of company documents."[19] Of particular importance, she deleted a spreadsheet entitled "Sales Outreach Contact List," which was a compilation of "over 2,500 golf clubs, private clubs, resorts, and industry professionals."[20] This document was the living product of years of work , money, and relationship-building and was a key tool of their business.[21] Ms. Ridgeway was the last company employee to access the Contact List, when she downloaded it on September 30, 2025.[22] In addition to the hundreds of company documents she allegedly deleted, she also "deleted thousands of emails from her company email account."[23] Finally, before returning her company-issued laptop, she

---

[14] *Id.* ¶ 21.
[15] *Id.*
[16] *Id.* ¶ 22.
[17] *Id.* ¶ 23.
[18] *Id.* ¶ 24.
[19] *Id.* ¶ 25.
[20] *Id.* ¶ 27.
[21] *Id.* ¶¶ 28, 30.
[22] *Id.* ¶ 32.
[23] *Id.* ¶ 36.

performed a factory reset on the device.[24] This removed all of Bloom's data from the computer and prevented them from being able "to see if any external data storage devices had been used by Ridgeway on the laptop to download company files."[25]

## II.    LAW

In general, Federal Rule of Civil Procedure 26(d)(1) dictates that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)."[26] "However, courts have broad discretion to manage the discovery process and can expedite or otherwise alter the timing and sequence of discovery."[27]

The United States Court of Appeals for the Third Circuit has "remained silent" on the issue of what standard to apply to a motion for expedited discovery.[28] Nevertheless, two prevailing standards have emerged among district courts in the circuit that have addressed this issue: "(1) the injunctive relief standard and (2) the good cause standard."[29] While both standards have been applied by various district courts, the good cause or reasonableness standard has become the "prevailing approach."[30] Given that

---

[24]  *Id.* ¶ 38.

[25]  *Id.* ¶ 39.

[26]  FED. R. CIV. P. 26(d)(1).

[27]  *Strike 3 Holdings, LLC v. Doe*, No. 3:24-CV-1642, 2024 WL 4900017, at *2 (M.D. Pa. Nov. 26, 2024).

[28]  *Bizzell Corp. v. Tripwire S., LLC*, No. 1:25-CV-680, 2025 WL 2211473, at *3 (M.D. Pa. Aug. 4, 2025).

[29]  *Id.*; *see also Leone v. Towanda Borough*, No. 3:12-0429, 2012 WL 1123958, at *2 (M.D. Pa. Apr. 4, 2012).

[30]  *Flatiron Crane Operating Co., LLC v. Adkins*, No. 5:23-CV-02396-JMG, 2023 WL 4565470, at *3 (E.D. Pa. July 17, 2023); *see also Bizzell Corp.*, 2025 WL 2211473, at *4 ("The good cause standard is … more frequently applied.").

there has been no motion for injunctive relief in this case and that the majority of other jurisdictions have adopted the good cause approach, I will also apply it in this case.[31]

Under the good cause approach, "the party seeking expedited discovery must demonstrate that its 'request is reasonable in light of the relevant circumstances.'"[32] This asks a district court to "weigh the need for discovery at an early juncture in the litigation against the breadth of the discovery requests and the prejudice to the responding party."[33] Courts have found good cause to exist "where the plaintiff's need for expedited discovery, in consideration of the administration of justice, outweighs the possible prejudice or hardship to the defendant."[34] Generally, the factors to consider under this approach are: "(1) the timing and context of the discovery requests, including whether a preliminary injunction hearing has been scheduled; (2) the scope and purpose of the requests; and (3) the nature of the burden to the respondent."[35]

---

[31] *Kone Corp. v. ThyssenKrupp USA, Inc.*, No. CIV.A. 11-465-LPS, 2011 WL 4478477, at *4 (D. Del. Sept. 26, 2011).

[32] *Spark Orthodontics v. ORMCO Corp.*, No. CV 21-2841, 2021 WL 7908194, at *1 (E.D. Pa. Oct. 25, 2021) (quoting *Bath Auth., LLC v. Anzzi LLC*, No. 18-00834, 2018 WL 5112889, at *9 (E.D. Pa. Oct. 19, 2018)).

[33] *Kone Corp.*, 2011 WL 4478477, at *4.

[34] *Strike 3 Holdings, LLC v. Doe*, No. 3:24-CV-1642, 2024 WL 4900017, at *2 (M.D. Pa. Nov. 26, 2024).

[35] *Kone Corp.*, 2011 WL 4478477, at *4.

## III.    DISCUSSION

In the present case, the circumstances favor granting expedited discovery and a finding that Bloom has satisfied the reasonableness standard. The good causes that Bloom offers in support of the motion are twofold: (1) that the claims alleged in the complaint show a pattern of extensive destruction of evidence and (2) that without the company documents, Bloom's business cannot operate.[36] Both of these arguments are particular to the circumstances at hand and demonstrate the important purposes of the motion. Additionally, the scope of the request is extremely limited in nature. This is not the case where an overbroad request has been made; here, each piece of evidence sought to be discovered is extremely detailed and limited.[37]As another district court in this circuit has said "[t]he purpose of expedited discovery is to allow a party obtain specific, limited, and identifiable pieces of information, particularly when there is some risk of spoliation or when the suit cannot reasonably proceed without the information."[38] Here, the scope and purpose of the request perfectly fits the intended goal of allowing expedited discovery. As such, the second factor strongly favors granting the motion.

The burden to the respondent also counsels in favor of granting the motion. There is a very small burden in having to answer a single interrogatory. While producing any items or accounts that contain the documents in question would burden Ms. Ridgeway,

---

[36]    Doc. 5, at 14-15.

[37]    *See Flatiron Crane Operating Co., LLC v. Adkins*, No. 5:23-CV-02396-JMG, 2023 WL 4565470, at *4 (E.D. Pa. July 17, 2023).

[38]    *Id.* (quoting *Let Them Play Mn v. Walz*, 517 F. Supp. 3d 870, 889 (D. Minn. 2021)).

there is no basis to conclude that it would be in anyway an extreme burden. Additionally, there is a reasonable possibility that the materials are not in her possession, in which case the only burden to the respondent would be answering a single interrogatory. Given the extremely limited nature of any search of her devices or accounts, there is no reason to believe that granting this motion would unreasonably or unduly burden Ms. Ridgeway.[39]

Finally, the timing of the requests needs to be considered. While the Court admits that litigation does not move fast, Bloom did not move expeditiously in this case. The alleged destruction and stealing of materials took place on, or just after, October 6, 2025.[40] This case and the motion for expedited discovery were not filed until late December.[41] The sense of urgency that Bloom demonstrated in this case "does not align" with the urgency they request in the instant motion.[42] Additionally, when there is no preliminary injunction pending the timing factor can be found to weigh against granting expedited discovery.[43] This factor is not outcome determinative, but the Court must note that it weighs against granting the motion.[44]

---

[39]  The Court also wishes to remind Plaintiff and their counsel that the rules of discovery still apply in this case. *See* FED. RS. CIV. P. 1, 26(b). The parties are expected to be reasonable in the administration of this order, as they should be with the administration of all discovery.

[40]  Doc. 1 ¶ 24.

[41]  *See* Docs. 1, 4.

[42]  *See Flatiron Crane Operating Co., LLC*, 2023 WL 4565470, at *3.

[43]  *See id.* at *4; *Better Packages, Inc. v. Zheng*, No. 05-447, 2006 U.S. Dist. LEXIS 30119, at *15 (D. N.J. May 17, 2006) (denying request for expedited discovery where "there is no pending preliminary injunction hearing for which the parties need to prepare that would make expedited discovery necessary.").

[44]  *See Flatiron Crane Operating Co., LLC*, 2023 WL 4565470, at *4.

In sum, two factors support granting expedited discovery and one does not. But, as previously stated, good cause exists "where the plaintiff's need for expedited discovery, in consideration of the administration of justice, outweighs the possible prejudice or hardship to the defendant."[45] That is just the case we have here. The need to prevent spoliation of evidence and to allow Bloom to continue to operate its business—the needs for expedited discovery—far outweigh the limited hardship that could arise if the motion were granted. As such, Bloom has satisfied the good cause standard and the specific circumstances in this case demonstrate a need for expedited discovery.

## IV.    CONCLUSION

For the foregoing reasons, Bloom's motion for expedited discovery is granted. However, the Order below is extremely narrow and is to be strictly followed by the parties. Despite the Court concluding that the motion for expedited discovery is reasonable in this case, the Court believes it is necessary to incorporate some protections to avoid any unintended consequences of the viewing of Ms. Ridgeway's devices and accounts.[46] The following Order is not intended to be allow an unfettered expedition into the discovery she provides.[47]Any unauthorized actions in the limited discovery should be reported to the Court in a timely fashion.

---

[45] *Strike 3 Holdings, LLC v. Doe*, No. 3:24-CV-1642, 2024 WL 4900017, at *2 (M.D. Pa. Nov. 26, 2024).

[46] *See id.* at *4.

[47] *See id.*

## V.    ORDER

**IT IS HEREBY ORDERED** that:

1.    Within 7 business days of the date of this Order, under FRCP 33, Defendant shall answer the following interrogatory: Identify all devices and accounts within Defendant's possession, custody, or control capable of storing Word, PDF, or Excel files, including, but not limited to, any phones, computers, external hard drives, USB drives, or email/online storage accounts (e.g., Gmail, Google Drive, Dropbox, etc.);

2.    Within 7 days of the delivery of the answer to the above referenced interrogatory, under FRCP 34(a)(1), Defendant shall produce and make the devices and accounts listed on the inventory available for imaging. The imaging shall be conducted by a vendor hired by Plaintiff. The parties will coordinate to ensure that the transfer of the devices and accounts is made to that vendor. The costs for the vendor shall be paid by Plaintiff;

3.    Plaintiff's vendor shall search the imaged devices and accounts **only** for those files, or derivatives thereof, identified in Exhibit A to Plaintiff's Brief in Support of the Motion.

4.    If any such files are found, the vendor shall be permitted to share only those files with Plaintiff.

5.    The vendor shall preserve only those documents listed in the above-mentioned Exhibit A. Other images of the devices and accounts are not to

be preserved or produced to the Plaintiff, absent agreement of the parties

or further order of the Court.

BY THE COURT:


*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge